IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grady Cole, ) | |
| ) | C/A No.: 0:08-1893-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I. PROCEDURAL HISTORY

Plaintiff Grady Cole filed an application for Disability Insurance Benefits ("DIB") on September 7, 2005, alleging disability since February 1, 2004 stemming from degenerative disc disease and hearing loss. Tr. 73-77. His application was denied initially and upon reconsideration. Plaintiff requested and received a hearing before an administrative law judge ("ALJ"). A video hearing, in which Plaintiff was able to testify, took place before the ALJ on July 12, 2007. On December 14, 2007, the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 8-20. Plaintiff filed a Request for Review of the ALJ's decision, which was denied by the Appeals Council on March 26, 2008. Id. at 3-6. Thus, the decision of the ALJ became the "final decision" of the Commissioner for the purposes of judicial review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Paige Jones Gossett for a Report and Recommendation. On July 17, 2009, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits be affirmed. Report and Recommendation. Plaintiff filed objections to the Report and Recommendation on August 3, 2009. Pl.'s Objection to Magistrate Report.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

### III. FACTS

The facts are set out in detail in the Report and Recommendation and shall only be summarized briefly. Plaintiff was born on November 25, 1943. Tr. 18. He has a high school education. Id. at 268. Plaintiff has previously worked as a tour bus driver, vendor at a flea market, and was employed by Federal Express as a courier, manager, and tractor-trailer driver. Id. at 124. Plaintiff alleges that he has been disabled since February 1, 2004 due to multiple symptoms, including degenerative disc disease and hearing loss. Id. at 73-75.

From August 2004 through May 2007, Plaintiff visited numerous doctors to seek diagnoses and treatment for his various conditions. See Pl.'s Br. 3-8. On November 1, 2005, Plaintiff was evaluated by Dr. Henry V. Saunders on behalf of the Disability Determination Services ("DDS"). Tr. at 203-205. According to Dr. Saunders' notes, Plaintiff indicated that he first injured his back in 1998 while driving a tractor-trailer. Id. at 203. This pain was exacerbated by subsequent lifting. Id. Plaintiff indicated that he could not lift and carry more than thirty pounds and also could not stand for more than two hours in an eight hour period. Id. Dr. Saunders noted that Plaintiff would

have "difficulty doing heavy or repeated lifting in any vocational activities." Id. at 205. However, Dr. Saunders noted that Plaintiff could perform less physical work, provided that accommodations were made for no prolonged periods of sitting or standing. Id.

At the hearing before the ALJ on July 12, 2007, vocational expert Robert Brabham was questioned as to whether a hypothetical worker could perform the prior skilled work of an operations manager if he was the same age as the Plaintiff, possessed the same education and work experience, and required the sit/stand option at will. Id. at 286. Mr. Brabham testified that "[t]he sit/stand option would be the biggest issue with [an operations manager] position . . . in all likelihood, the sit/stand option at will would probably not be permissible in that position." Id. However, when the ALJ redefined the sit/stand option from at will to the hypothetical worker "hav[ing] the discretion to sit or stand at will for approximately 15 minutes out of every working hour," Mr. Brabham testified that this change in the sit/stand option would make work as an operations manager "acceptable." Id. at 286-87. Furthermore, Mr. Brabham testified that Plaintiff possessed the transferable skills of "supervisory duties, supervision of others, some report writing, some record keeping, use of some general office equipment, use of certain types of tools, machinery or equipment." Id. at 287. According to Mr. Brabham, an individual with such skills would be able to perform work at the sedentary exertional level which would include employment as a dispatcher or an order clerk. Id. at 287-88. Mr. Brabham also testified that these two positions could be performed by an individual who requires a sit/stand option at will. Id. at 288.

IV. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in recommending that the ruling of the Commissioner be approved. Specifically, Plaintiff alleges that the Magistrate Judge erred when she

found that the ALJ properly presented the sit/stand option at will to the vocational expert. Pl.'s Objection to Magistrate Report 2-5.[1] This presentation is said to violate the provisions of Social Security Ruling ("SSR") 96-9p which makes reference to "specifying times regarding an alternating position limitation." Report and Recommendation 8; Pl.'s Objection to Magistrate Report 2-5. However, the Magistrate Judge concluded that SSR 96-9p was not relevant as the ALJ found that Plaintiff had a restriction requiring a sit/stand option at will. Report and Recommendation 8. The ALJ's use of the phrase "at will" denoted a broader limitation than that found in SSR 96-9p. Id. Furthermore, the Magistrate Judge noted that the ALJ had the vocational expert "clarify that there were jobs available with the requisite limits established that would allow the sit/stand option at will" in accord with SSR 83-12. Id.

Much of Plaintiff's objection restates, verbatim, the argument set forth in his brief before the Magistrate Judge. Compare Pl.'s Objection to Magistrate Report 2-3 with Pl.'s Br. 15-16. This court agrees with the Magistrate Judge that Plaintiff's focus on SSR 96-9p is misplaced. The ALJ applied a broader standard than that found in SSR 96-9p by posing to the vocational expert a hypothetical situation in which a worker had a sit/stand option at will requirement. Even under this more rigorous standard, the vocational expert testifying at Plaintiff's hearing was able to determine that employment was available. Plaintiff's objection is without merit.

Plaintiff also alleges that this court previously rejected a similar ALJ determination with regards to the sit/stand option in Morales v. Barnhart, 6:05-cv-1574 (D.S.C. September 29, 2006). However, in Morales, this court noted that the ALJ only stated that the plaintiff needed a sit/stand

---

[1] Plaintiff does not object to the Magistrate Judge's recommendations regarding Plaintiff's physical restrictions and credibility. See Report and Recommendation 5-8, 8-12.

5

option and that " no further explanation of the 'sit/stand' option or the limits imposed by it" was addressed by the ALJ. <u>Morales</u> Order 10. <u>Morales</u> is distinguishable from the matter at bar, where the ALJ elicited from the vocational expert employment options available when the sit/stand provision would only be for fifteen minutes every hour, as well as more sedentary work where Plaintiff's sit/stand at will option would not be similarly encumbered. Plaintiff's objection is without merit.

## V. <u>CONCLUSION</u>

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

s/Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina
August 11, 2009